UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELVIN GENAO,<br><br>      Plaintiff,<br><br>-against-<br><br>DR. WILSON IROHAM; HARLEM HOSPITAL; ER PHYSICIAN,<br><br>      Defendants. | 19-CV-0416 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this action styled as a criminal complaint. He would like to bring criminal charges against Defendants. By order dated April 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court denies Plaintiff's application for counsel (ECF No. 4) and dismisses the complaint. But the Court also grants Plaintiff thirty days' leave to replead.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff brings this purported criminal action against Dr. Wilson Iroham, Harlem Hospital, and an Emergency Room Physician. The following facts are taken from the complaint: in 2016, members of the New York City Police Department (NYPD) arrived at Plaintiff's apartment to investigate a domestic violence incident. The police claimed that Plaintiff was a "billionaire on the stock market" and informed him that someone had tried to steal and profit from his idea. (ECF No. 1 at 6.)[1] In 2017, social workers, identifying themselves as "mobile crisis of [S]aint [Luke] [H]ospital," came to Plaintiff's apartment. (*Id*.) After Plaintiff refused to let them in, they left but came back with the police. The police threatened that if Plaintiff did not open the door, they would enter without his consent and detain him. Plaintiff "resisted numerous times," stating that he had no disability other than asthma, but the police insisted on taking him to Harlem Hospital, where he was detained for almost 24 hours. (*Id*.)

At the hospital, Plaintiff's brother, "Duran-Genao," showed up, signed documents, and forced him to get an evaluation. The evaluation lasted until the next morning, but before he could leave, the doctors insisted that he needed someone to pick him up. Plaintiff's mother, identified as "Duran Genao,"[2] came to the hospital and forced Plaintiff to speak with Iroham. After Plaintiff explained to Iroham that he did not have a psychiatric history, Iroham stated that he did not specialize in psychiatry but that he could detain Plaintiff for three months for no reason if he wanted to.

---

[1] Citations to the complaint and other documents refer to the pagination generated by the Court's electronic case filing system (ECF).

[2] Plaintiff alleges that his brother's name is Duran-Genao and that his mother's name is Duran Genao, without the hyphen.

As soon as Plaintiff was released from the hospital, he contacted several law enforcement agencies to complain about "medical fraud on both sides" and his relatives signing the documents to have him evaluated, but no one responded. (*Id.* at 7.) Plaintiff believes that his hospitalization was an "attempt to leave [him] homeless," and because the "NYPD has gotten to reckless to approach," he is seeking alternative means to solve the problem. (*Id.*)

After filing the criminal complaint, Plaintiff submitted to the Court a "complaint and request for injunction" (ECF No. 3) in which he names "NYC Health + Hospitals/Harlem" and Dr. Wilson Iroham as defendants. Plaintiff refers the Court to the criminal complaint or an attached document for the facts of case, but he fails to attach any document to his submission. Plaintiff claims that he has "been maliciously persecuted so severely that [he has] no choice but to relocate with [his] son somewhere with federal jurisdiction only" and he is considering seeking a temporary name change "until all facts of the case has been disclosed, settled and case sealed. (*Id.* at 3.) Plaintiff asserts a litany of claims, including defamation of character, false arrest, theft of trade secrets and intellectual property, identity theft, medical fraud, medical negligence, kidnapping, attempted murder, and violation of the "Economic Espionage Act." (*Id.*)

## DISCUSSION

### A. Operative Complaint

As noted above, Plaintiff submitted a second complaint to the Court, which was filed as an amended complaint (ECF No. 3). But Plaintiff's submission, which names NYC Health + Hospitals/Harlem, does not include any factual allegations. Because the original complaint (ECF No. 1) provides the underlying facts for Plaintiff's claims, the Court consolidates the two pleadings. The two pleadings (ECF Nos. 1 and 3) will be treated together as the operative complaint for the purposes of this order.

**B.     Criminal Complaint**

Plaintiff cannot initiate the arrest and prosecution of any individual or entity in this Court because private citizens cannot prosecute criminal actions in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Plaintiff also cannot direct prosecuting attorneys to initiate a criminal proceeding because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's criminal complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Involuntary Hospitalization**

Because Plaintiff asserts that the police took him to Harlem Hospital – a public hospital – where he was involuntary hospitalized, the Court liberally construes the complaint as asserting constitutional claims against state actors under 42 U.S.C. § 1983.[3]

Involuntary hospitalization is a " massive curtailment of liberty" and, therefore, is not permissible without due process of law. *Vitek v. Jones*, 445 U.S. 480, 491-92 (1980). "Substantive due process prohibits states from involuntarily committing nondangerous mentally ill individuals." *Bolmer v. Oliveira*, 594 F.3d 134, 142 (2d Cir. 2010) (citing *O'Connor v. Donaldson*, 422 U.S. 563, 575-76 (1975)). Chapter 9 of New York's Mental Hygiene Law

---

[3] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

4

requires a showing that the patient poses a danger to himself or others before commitment and provides numerous procedures to ensure that the involuntary commitment is appropriate. *See* N.Y. Mental Hyg. Law § 9.[4] A patient has the right to contest his involuntary commitment through a state-court hearing. *See id.* at § 9.31. The Second Circuit has held the provisions of the Mental Hygiene Law to be facially constitutional. *See Project Release v. Provost*, 722 F.2d 960, 971 (2d Cir. 1983).

Plaintiff fails to allege facts suggesting that he was detained without due process. In fact, Plaintiff admits that family members consented to his hospitalization by signing the relevant paperwork. But in an abundance of caution and in light of the Second Circuit's direction to provide a plaintiff an opportunity to amend the complaint unless it would be futile for the Plaintiff to do so, *see Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011), the Court grants Plaintiff thirty days' leave to submit an amended complaint that addresses his involuntary hospitalization claims. Should Plaintiff choose to submit an amended complaint, he must allege facts suggesting that he was not a danger either to himself or others and that his involuntary hospitalization failed to comply with the procedural requirements of New York Mental Hygiene Law.[5]

---

[4] Section 9.39(a) of the Mental Hygiene Law provides that a patient may be involuntarily committed for up to fifteen days on an emergency basis if he is "alleged to have a mental illness for which immediate observation, care and treatment in a hospital is appropriate and which is likely to result in serious harm to the person or others."

[5] Plaintiff has repeatedly filed actions in this Court styled as criminal complaints, arrest warrants, or civil cases in which he attempts to prosecute criminal charges. On February 25, 2019, the Court warned Plaintiff that further duplicative or frivolous litigation in this Court could result in an order barring him from filing new civil actions *in forma pauperis* without prior permission under 28 U.S.C. § 1651. *See Genao v. Guanilo*, No. 18-CV-12059 (LLS) (S.D.N.Y. Apr. 4, 2019) (ECF No. 8 at 5). This action was filed before the Court's warning was issued, but the Court reiterates that warning.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court consolidates Plaintiff's original and amended complaints (ECF Nos. 1 and 3) and will treat them together as the operative complaint. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also denies Plaintiff's application for counsel (ECF No. 4). The Court further grants Plaintiff thirty days' leave to file an amended complaint. The Clerk of Court is instructed to terminate all other pending matters.

The Clerk of Court is further directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 18, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge